UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PRISCILLA MICHELLE ALSTON,

    Plaintiff,

    v.

YOLANDA BETHEA, Deputy Associate Director of the Court Services and Offender Supervision Agency for the District of Columbia,

    Defendant.

Civil Action No. 22-3595 (JEB)

---

**MEMORANDUM OPINION**

*Pro se* Plaintiff Priscilla Michelle Alston brings this action against her supervisor, Defendant Yolanda Bethea, Deputy Associate Director of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), for discrimination under Title VII of the Civil Rights Act and the Equal Pay Act. She alleges that her male coworker is paid more for the same type of work. Defendant now moves to dismiss her Title VII claim for failure to exhaust administrative remedies and her EPA claim for failure to plead sufficient facts. The Court agrees on the exhaustion point but, finding that it has no subject-matter jurisdiction over the EPA cause of action, will transfer it to the Court of Federal Claims.

**I.    Background**

The Court at this stage sets forth the facts as pled in the Complaint, assuming them to be true. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). Alston and her male comparator began together as Management Analysts at CSOSA's Office of Community Supervision and Intervention Services (OSCIS). See ECF No. 1 (Compl.) at 8. Plaintiff

1

contends that since beginning in the same position at OSCIS, she and her male coworker perform "assignments that require substantially equal skill, effort and responsibility under the same working conditions." Id. She is nonetheless paid less than he is for such work. See id. While there is some lack of clarity as to when that discrepancy began, Plaintiff alleges in her Complaint that she is now paid at the GS-12 level and that her male coworker is now paid at the GS-14 level, with a title she refers to as "Lead Management Analyst." Id.; but see Compl., Exh. A (attached documents) at 42 (email dated November 10, 2022, from her coworker signed "Management Analyst"). Interesting as these inconsistencies may be, they need not detain us here.

Alston filed this Complaint on November 29, 2022, alleging Title VII and EPA claims against Bethea, who has served as Plaintiff's supervisor "for the majority" of her time at OCSIS. See Compl. at 3, 8. Defendant now moves to dismiss.

## II.      Legal Standards

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations marks and citation omitted). In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). The court "must treat the complaint's factual allegations as true and must grant [the] plaintiff 'the benefit of all inferences

that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citations omitted).  It need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the complaint.  Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  *Pro se* litigants, however, are held to a lower standard, as the court must consider and accept as true the allegations in both such a plaintiff's complaint and her opposition to a motion to dismiss.  See Brown v. Whole Foods Market Group, Inc., 789 F. 3d. 146, 152 (D.C. Cir. 2015).

Rule 12(b)(1) permits dismissal of a complaint for lack of subject-matter jurisdiction.  In general, courts must first address jurisdictional arguments before turning to the merits.  See Sinochem Int'l Co. v. Malaysia Int'l Shipping Co., 549 U.S. 422, 430–31 (2007).  A plaintiff bears the burden of proving that a court has subject-matter jurisdiction to hear her claims.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13–14 (quoting 5A Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1350 (2d ed. 1987)).  If jurisdiction is not found, "the court shall, if it is in the interest of justice, transfer such action" to a court where the action "could have been brought at the time it was filed." 28 U.S.C. § 1631.

**III.    Analysis**

In seeking dismissal of Plaintiff's Title VII claim, Defendant maintains that she has not exhausted her administrative remedies. See MTD at 1. In addition, Bethea contends that her EPA claim is factually insufficient. Id. While the first issue is squarely teed up, there is a wrinkle as to the second — namely, does the Court even have jurisdiction to hear it? It now looks at each count separately.

A. Title VII Claim

Before filing suit against a federal agency for Title VII violations, an employee must complete required procedures to administratively exhaust her claim. See Crawford v. Duke, 867 F.3d 103, 105 (D.C. Cir. 2017); 42 U.S.C. § 2000e-16(c). More specifically, an employee must first consult with an Equal Employment Opportunity Counselor "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a). The Counselor is required to inform the employee of her rights and responsibilities with respect to the claim and then attempt to resolve it. Id. § 1614.105(b). If the Counselor's resolution does not satisfactorily resolve the employee's concern, the Counselor must provide written notice of the employee's right to file a formal complaint with the agency. Id. § 1614.105(d). Once one is filed, the agency must then acknowledge the complaint and conduct an investigation. Id. § 1614.106(e)(2). Only after the investigation is complete may the employee bring any suit, and she must do so within 90 days "after obtaining notice of right to sue from the EEOC." Dougherty v. Barry, 869 F.2d 605, 609 (D.C. Cir. 1989) (citing 42 U.S.C. § 2000e-5(f)(1)).

Defendant asserts that Plaintiff did not satisfy these requirements. See MTD at 5. Alston, in fact, concedes that this is true. See ECF No. 12 (Opp.) at 6. That is wise given that she answered "NA" on the form Complaint in response to the statement "[i]t is my best

4

recollection that I filed a charge with the [EEOC] or my [EEO] counselor regarding the defendant's alleged discriminatory conduct." Compl. at 5. She admitted, furthermore, that the EEOC had not issued her a "Notice of Right to Sue letter." Id. While Alston did note in her Opposition that she had an initial "consult" with an EEO Counselor, that alone cannot constitute exhaustion, given that she never filed a formal complaint or received a right-to-sue notice. See Opp. at 6. As such, the Court will dismiss Plaintiff's Title VII claim.

    B. EPA Claim

Although Bethea next contends that Alston's EPA claim is facially deficient, she acknowledges that there is a jurisdictional hurdle to surmount before the Court can consider the merits. Defendant concedes that the D.C. Circuit in Waters v. Rumsfeld, 320 F.3d 265 (D.C. Cir. 2003), held that claims in excess of $10,000 under the Fair Labor Standards Act, which includes the EPA, fall within the "exclusive jurisdiction" of the Court of Federal Claims. Id. at 272. The D.C. Circuit arrived at this conclusion by finding that under the Tucker Act, claims against the United States that are greater than $10,000 and founded upon "any Act of Congress" — of which the FLSA is one — are "within the exclusive jurisdiction of the Court of [Federal] Claims." Id. at 270 (quoting Goble v. Marsh, 684 F.2d 12, 15 (D.C. Cir. 1982)); 28 U.S.C. § 1491(a)(1). While the "Little Tucker Act" grants concurrent jurisdiction to federal district courts for claims under $10,000, Plaintiff here seeks "more than $200,000" in damages and has made it clear that she does not intend to waive her claims in excess of $10,000. See 27 U.S.C. § 1346(a)(2); Opp. at 7.

    Defendant nevertheless contends that Waters has been implicitly overruled by the Supreme Court's decision in United States v. Bormes, 568 U.S. 6 (2012), which interpreted the Fair Credit Reporting Act in the context of the Tucker Act and Little Tucker Act. According to

5

Bethea, the Court there suggested that the Tucker Act's jurisdictional provisions cannot displace a statute's sufficiently detailed remedial scheme.  See MTD at 8.  The Federal Circuit, however, persuasively rejected this argument as applied to the FLSA and affirmed that Bormes does not disturb the long-held precedent that the Court of Federal Claims enjoys exclusive jurisdiction over FLSA claims.  See Abbey v. United States, 745 F.3d 1363, 1369-1370 (Fed. Cir. 2014) (contrasting FCRA's specific granting of "jurisdiction to identified courts" with vaguer remedial scheme in FLSA, which refers claims to "'any Federal or State court of competent jurisdiction'") (quoting 29 U.S.C. § 216(b)).  Following Abbey, other judges in this district have similarly held that FLSA claims remain under the exclusive jurisdiction of the Court of Federal Claims post-Bormes.  See Johnson v. Lightfoot, 273 F. Supp. 3d 278, 287-88 & n.5 (D.D.C. 2017); Adair v. Bureau of Customs and Border Protection, 191 F. Supp. 3d 129, 134 (D.D.C. 2016).

  Defendant is thus left with a sole contention: although the Federal Circuit and district courts have ruled that Bormes does not displace Waters, the D.C. Circuit has "not addressed this issue post-Bormes," and hence this Court is still free to independently assess subject-matter jurisdiction.  See MTD at 9.  It is, however, "obligated to follow controlling circuit precedent until either [the Circuit], sitting *en banc*, or the Supreme Court, overrule[s] it."  United States v. Torres, 115 F. 3d 1033, 1036 (D.C. Cir. 1997).  Otherwise, controlling circuit precedent may be overruled only if a later Supreme Court decision "eviscerate[s]" its reasoning.  See Dellums v. U.S. Nuclear Regulatory Comm'n, 863 F.2d 968, 978 n.11 (D.C. Cir. 1988).  That is certainly not the case here, where the Supreme Court's decision is grounded in the distinguishable remedial text of the FCRA.  See Abbey, 745 F.3d at 1369-1370.

  The Court, accordingly, will not overturn the more than "30-year-old, multi-circuit, apparently unbroken precedent" of assigning the Court of Federal Claims jurisdiction over FLSA

6

claims, both pre- and post-Bormes.  Abbey, 745 F.3d at 1369.  In the interest of justice, it will instead transfer this action to the Court of Federal Claims.  See 28 U.S.C. § 1631.

## IV. Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss regarding Plaintiff's Title VII claim, and it will transfer her EPA claim to the United States Court of Federal Claims.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  June 27, 2023